

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. George W. Cox, M.D.
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-7467

Re: Qualifications of official
City Health Officers.

Your letter of October 9, 1946, requesting an opinion of this department, presents the following question which we quote:

"Can a doctor serve as an official city health officer for a city and not maintain his residence within the city limits of that city? In other words, if a city health officer lives in the suburbs of a city yet maintains an office in the city, can he officially qualify for the position of city health officer?"

Article 4425, R. C. S. of Texas, provides:

"The governing body of each incorporated city and town within this State shall elect a qualified person for the office of city health officer by a majority of the votes of the governing body, except in cities which may be operated under a charter providing for a different method of selecting city physicians, in which event the office of city health officer shall be filled as is now filled by the city physician, but in no instance shall the office of city health officer be abolished. The city health officer, after appointment, shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health, and shall not be deemed to be legally qualified until said copies shall have been so filed."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 1003 of said statutes provides:

"No person other than an elector resident of the
city shall be appointed to any office by the city council."

Article 2927 of said statutes provides:

"No person shall be eligible to any State, county,
precinct or municipal office in this State unless he
shall be eligible to hold office under the Constitution
of this State, and unless he shall have resided in this
State for the period of twelve months and six months in
the county, precinct, or municipality, in which he offers
himself as a candidate, next preceding any general or
special election, and shall have been an actual bona fide
citizen of said county, precinct, or municipality for more
than six months. No person ineligible to hold office shall
ever have his name placed upon the ballot at any general
or special election, or at any primary election where candi-
dates are selected under primary election laws of this State;
and no such ineligible candidate shall ever be voted upon,
now have votes counted for him, at any such general, special,
or primary election."

The qualifications for the office of city health officer
appear to be prescribed by general law. Article 1003, supra, in
clear unambiguous language provides that no person other than an
elector resident of the city shall be appointed to any office by the
city council. In construing the statutes quoted herein, they appear
to clearly express the intent of the Legislature in prescribing the
qualifications of individuals other than those named in the Consti-
tution to hold any office of honor, trust or emolument provided by
the laws of the State. (Fortinberry vs. State; 283 S. W. 146.) The
office of city health officer is one of honor, trust and emolument
provided by the laws of the State and so held in our Opinion to you,
No. O-816 approved June 1, 1939.

In answer to your question, you are respectfully advised
that to be eligible for appointment to the office of city health
officer under the general laws of this State, a physician must be
an elector having resided in such municipality more than six months.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

APPROVED OCT 24, 1940

WmK:djm

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN